UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAMBERTO O. REAL,

    Plaintiff,

v.                                            Case No: 2:14-cv-729-FtM-38DNF

RESCUE MISSION, PHIL LEDGER,
DAVID LIGHT, MARJOE WOOTEN,
WANDA LIGHT, PATRICIA
WOOTEN and JEROME
MCFARLAND,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Defendants Rescue Mission, Phil Ledger, David Light, Marjoe Wooten, Wanda Light, Patricia Wooten, and Jerome McFarland's Motion to Dismiss (Doc. #17) filed on March 6, 2015. Per the Court's direction (Doc. #19), Plaintiff Mamberto O. Real, appearing *pro se*, responded to Defendants' motion on April 14, 2015. (Doc. #21). Thus, this matter is ripe for review.

## BACKGROUND

Defendant Rescue Mission is a religious organization that provides housing assistance and meals to citizens of Fort Myers, Florida and the surrounding areas. Defendants Phil Ledger, David Light, Marjoe Wooten, Wanda Light, Patricia Wooten, and

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Jerome McFarland (collectively, "Individually-Named Defendants") appear to work or volunteer at Defendant Rescue Mission.

Guests at Defendant Recuse Mission are required to participate in Protestant/Christian prayers before they may receive food and housing. (Doc. #1 at ¶¶ 3-7). As best the Court can discern, Plaintiff refused to participate in such prayers, and thus Defendants denied him free housing and/or meals. Consequently, Plaintiff commenced this civil rights action under 42 U.S.C. § 1983, asserting that Defendants violated the First Amendment of the United States Constitution. (Id.) Defendants now move to dismiss the Complaint for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. #17).

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. The issue in resolving such a motion is not whether the non-movant will ultimately prevail, but whether the non-movant is entitled to offer evidence to support his claims. See id. at 678-79.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (citations omitted). Although legal conclusions can provide the framework for a complaint, factual allegations must support all claims. See

id. Based on these allegations, the court will determine whether the plaintiff's pleadings plausibly give rise to an entitlement to relief. See id. at 678-79. Legal conclusions couched as factual allegations are not sufficient, nor are unwarranted inferences, unreasonable conclusions, or arguments. See Twombly, 550 U.S. at 555; Byrnes v. Small, No. 8:14-CV-1726-T-36MAP, 2015 WL 1243219, at *3 (M.D. Fla. Mar. 18, 2015).

Rule 8 of the Federal Rules of Civil Procedure provides parallel pleading requirements that also must be satisfied. Under this rule, "a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. See id. at 678-79. Mere naked assertions are also inadequate. See id.

"*Pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). However, "even in the case of *pro se* litigants[,] this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Boles v. Riva, 565 F. App'x 845, 846 (11th Cir. 2014) (citation omitted).

## **DISCUSSION**

Defendants challenge the Complaint on two grounds. First, Defendants argue the Complaint lacks any allegation that they acted under color of state law when they denied Plaintiff benefits after he refused to participate in the mandatory prayer services. (Doc.

#17 at 3, 6-9). Even so, Defendants maintain they are private parties whose actions are not attributable to the state. (Id. at 7). Second, they argue the Complaint lacks any facts to support the First Amendment claim against the Individually-Named Defendants. (Id. at 3-4, 6). The Court will address each argument in turn.

A civil suit under 42 U.S.C. § 1983, such as that here, allows a party who has been deprived of a federal right to seek relief. This statute does not create a broad cause of action to pursue every perceived slight. The purpose of § 1983 is to deter *state actors* from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983. See Jones v. Donovan Indus., Inc., No. 810-CV-398-T-30TGW, 2010 WL 1002658, at *1 (M.D. Fla. Mar. 18, 2010) (citation omitted). Consequently, to state a cause of action under § 1983, a plaintiff must show "(1) that the defendant deprived h[im] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998).

Here, Plaintiff contends that Defendants violated his First Amendment religious freedom rights, but he falls short of averring that Defendants did so under the color of state law. Private actors may be deemed to have acted under color of state law, but "[o]nly in rare circumstances." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). The Eleventh Circuit recognizes three tests to determine whether a private party acted under color of state law: the public function test, the state compulsion test, and the nexus/joint action test. See id. The public function test "asks whether the private actors

were performing functions traditionally the exclusive prerogative of the state." Boles, 565 F. App'x at 846. The state compulsion test "applies to situations where the government coerced or significantly encouraged the unconstitutional actions at issue." Id. Finally, the nexus/joint action test "applies where the state and private party were joint participants in the common enterprise." Id.; see also Harvey, 949 F.2d at 1131 ("The nexus/joint action test involves situations where the government has 'so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise.'" (citation omitted)).

      Notwithstanding the liberal pleading standards applicable here, Plaintiff has not pled facts to satisfy any of these three tests. The Complaint lacks any allegation, let alone sufficiently pled allegations, that Defendants performed governmental functions when they denied him housing and meals after he refused to participate in the prayers, or that they were encouraged or coerced by the government in doing so. Similarly, there is no allegation that Defendants and a government body were intertwined in a "symbiotic relationship" that involved violating Plaintiff's religious freedom. Harvey, 949 F.2d at 1133 (noting that conclusory allegations are insufficient to establish state action under the nexus/joint action test). At most, the Complaint purports that the "Rescue Mission receives some benefits from the government," and "if the government is involved financially into the operation of this organization; it is a clear violation of the First Amendment of this organization [*sic.*] to punish homeless people and families living below poverty guidelines, because they refuse to participate in protestant Christian practices." (Doc. #1 at 5, ¶ 4). Even taking these factual allegations as true, they do not reveal any state action. See Binns v. Caesars Entm't Corp., No. 2:14-cv-506, 2014 WL 5378227, at

*2 (M.D. Fla. Oct. 21, 2014) (finding the plaintiff failed to state a § 1983 claim where he presented no facts to support his assertion that the defendants, all private corporations and employees, acted under color of state law).

The Complaint further misses the mark under Rule 8, as there are no allegations showing that Plaintiff is entitled to relief against the Individually-Named Defendants. See Fed. R. Civ. P. 8(a) (requiring a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief").  The Complaint lacks any allegation connecting the Individually-Named Defendants to the alleged constitutional violation.  In fact, Plaintiff only mentions the Individually-Named Defendants in the case caption.  See Clark v. Sierra, 837 F. Supp. 1179, 1182 (M.D. Fla. 1993) ("When a defendant is merely named in the caption of a complaint but is nowhere claimed to have caused the plaintiff injury, the complaint against him must be dismissed even under the liberal construction to be given to *pro se* complainants." (citation omitted)).  This defect is alone preclusive.

In conclusion, despite the liberal pleading standard and Plaintiff's *pro se* status, the Court finds that Plaintiff has not stated a claim upon which relief may be granted against Defendants.  The Court, therefore, will dismiss the Complaint without prejudice.

Accordingly, it is now

**ORDERED:**

(1) Defendants Rescue Mission, Phil Ledger, David Light, Marjoe Wooten, Wanda Light, Patricia Wooten, and Jerome McFarland's Motion to Dismiss (Doc. #17) is **GRANTED**.

(2) Plaintiff Mamberto O. Real may file an amended complaint on or before **May 28, 2015**, that comports with this Order.  Defendants shall have fourteen (14) days after Plaintiff files an amended complaint to respond.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of May, 2015.

*(signature)*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record