UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAMBERTO O. REAL,

Plaintiff,

v. Case No: 2:14-cv-729-FtM-38MRM

RESCUE MISSION, PHIL LEDGER, DAVID LIGHT, MARJOE WOOTEN, WANDA LIGHT, PATRICIA WOOTEN and JEROME MCFARLAND,

Defendants.
___________________________________/

**ORDER**[1]

This matter comes before the Court on Defendants Rescue Mission, Phil Ledger, David Light, Marjoe Wooten, Wanda Light, Patricia Wooten, and Jerome McFarland's Motion to Dismiss Plaintiff's Amended Complaint, Request for Class Consideration, and Request for Preliminary Injunction (Doc. #31) filed on June 8, 2015. Plaintiff Mamberto O. Real, appearing *pro se*, has not responded to Defendants' Motion, and the time to do so has expired. This matter is ripe for review.

**BACKGROUND**

Defendant Rescue Mission is a religious organization that provides shelter and meals to homeless individuals. Defendants Phil Ledger, David Light, Marjoe Wooten,

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Wanda Light, Patricia Wooten, and Jerome McFarland (collectively, "Individual Defendants") work or volunteer at Defendant Rescue Mission. (Doc. #30 at ¶ 18).

Defendant Rescue Mission requires individuals to partake in Christian prayers as a condition of receiving free housing and/or meals. Plaintiff, an impoverished individual, brought this suit under 42 U.S.C. § 1983 claiming the prayer requirement violates the First Amendment of the United States Constitution. (Doc. #1). Defendants moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. #17). The Court granted Defendants' motion, finding that Plaintiff neither sufficiently pled that Defendants acted under the color of state law to maintain an actionable § 1983 claim nor linked the Individual Defendants to a constitutional violation. (Doc. #22 at 5-6). Because of Plaintiff's *pro se* status, the Court granted him leave to amend the complaint. (Doc. #22 at 6-7).

Plaintiff thereafter filed an Amended Complaint, which is the operative pleading in this case. (Doc. #30). In it, Plaintiff continues his quest against Defendants' mandatory prayer policy as a violation of his right to religious freedom under the First Amendment. (Doc. #30 at ¶¶ 8, 19). In addition, he now styles this case as a class action, seeks a preliminary injunction, and asserts a violation of the Civil Rights Act of 1964. (Doc. #30 at ¶¶ 1-3, 6, 9, 12, 16, 19-20). Defendants have again moved to dismiss the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. #31).

**LEGAL STANDARD**

When considering a motion to dismiss under Rule 12(b)(6), the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This

preferential standard of review, however, does not permit all pleadings adorned with facts to survive into the next stages of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

Pertinent here, "[*p*]*ro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted). But "even in the case of *pro se* litigants[,] this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014) (citation omitted).

## DISCUSSION

### A. Pleading Deficiencies

The Court has carefully reviewed the Amended Complaint, and Plaintiff has again submitted the type of pleading the Federal Rules of Civil Procedure are designed to prevent. Rule 8 requires a complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. 678 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-

accusation." (quoting *Twombly,* 550 U.S. at 555)). Rule 10 further provides, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). Rules 8 and 10 work together and "'require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Here, the Amended Complaint represents a confusing mixture of allegations with relevant facts, irrelevant facts, disjointed narrative, conclusory accusations, and legal argument. (Doc. #30). It by no means qualifies as "plain" per Rule 8. In addition, Plaintiff does not separate his causes of action, making it difficult to decipher the precise claims and against whom the claims are brought. It is the type of pleading that renders it near impossible for a defendant to answer and must be dismissed for that reason.

**B. Plaintiff's Constitutional Claim**

Even setting aside the pleading deficiencies with the Amended Complaint, Plaintiff does not allege sufficient facts to state a claim to relief that is plausible on its face. Defendants argue, and the Court agrees, that Plaintiff states no actionable claims against the Individual Defendants. (Doc. #31 at 6-7). According to the Amended Complaint, the Individual Defendants "are the administrative staff of this religion [sic] organization, … they are the master mind of this dogmatism affecting the Public interest; they are the ones ordering the mandatory prayer to gain access to hot meal or food." (Doc. #30 at 5). It

also asserts, "Defendant Jerome McFarland has used fighting and obscene words" to enforce the Rescue Mission's mandatory prayer condition[,]" and "[t]he Corpus delicti from Defendant [sic] also has extension to the rest of defendants because of omission by positive acts. Defendants fail to perform a positive act that they ought to do so." (Doc. #30 at 4-5). For obvious reasons, such conclusory and vague allegations are insufficient to survive under Rule 12(b)(6).

In addition, Plaintiff's constitutional claims fail because there is no state action. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must show "(1) that the defendant deprived h[im] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998). It is the plaintiff's burden to allege state action on the part of the defendants named in a complaint, and a court may dismiss an action where a plaintiff fails to plead such a nexus. *See id.* A private actor can be liable under § 1983 pursuant to the "joint action" doctrine provided the private actor is a willful participant in a common enterprise with the State. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("The nexus/joint action test involves situations where the government has 'so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise.'" (citation omitted)).

Here, Plaintiff has not alleged any state action. Defendant Rescue Mission is not a state actor, but rather, a non-profit religious organization. *See Davis v. Capital City Rescue Mission,* No. 1:13-cv-1380, 2013 WL 6062325, at *2 (N.D.N.Y. Nov. 18, 2013) (dismissing the case because the plaintiff failed to allege any state action (citation omitted)), *report and recommendation adopted* 2013 WL 6497727 (N.D.N.Y. Dec. 10,

2013); FORT MYERS RESCUE MISSION, http://fortmyersrescuemission.org/ (last visited Aug. 10, 2015). Further, the Amended Complaint does not allege any facts that plausibly suggest the Rescue Mission or its employees were engaged in a joint action with the State or its agents. As the Court previously held, purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983. (Doc. #22 at 4-5); *Jones v. Donovan Indus., Inc.*, No. 8:10-CV-398, 2010 WL 1002658, at *1 (M.D. Fla. Mar. 18, 2010) (citation omitted). Simply put, the Amended Complaint does not allege any facts that subject Defendants to the First Amendment. Therefore, the Court dismisses Plaintiff's constitutional claims under Rule 12(b)(6).

**C. Plaintiff's Civil Rights Claim**

Plaintiff also alleges in the Amended Complaint, for the first time, that "[t]he Civil Rights Act of 1964 outlawed discrimination based on race, color, **religion**, sex, or national origin. Religion discrimination occurs when someone is denied the protection of the laws, equity of status under law, because of their exercise of their right to religious freedom." (Doc. #30 at 6 (emphasis in orignial)). Defendants maintain that Plaintiff cannot assert a religious discrimination claim under the Civil Rights Act of 1964 because the statute does not apply to the Rescue Mission and Plaintiff did not seek employment with it. (Doc. #31 at 8). Again, Defendants are right.

Based on the facts Plaintiff has presented, only Title VI and VII of the Civil Rights Act can be considered here. Title VI states "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Since Plaintiff claims religious

discrimination, Title VI is inapplicable. Even if Title VI did apply, it prohibits discrimination in programs or activities receiving federal funding, 42 U.S.C. § 2000d, and there is no allegation that Defendant Rescue Mission receives such funding, *see Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1169 (11th Cir. 2003) (prohibiting discrimination only by recipients of federal funding). Plaintiff's allegations considered under Title VII fare no better because the parties have never shared an employment relationship. 42 U.S.C. § 2000e-2(a)(1) ("It shall be an unlawful employment practice for an employer – to fail or refuse to hire or to discharge in individual, or to otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national orgin[.]").

Accordingly, because the Amended Complaint does not plead facts that make a Civil Rights Act violation plausible, the Court grants Defendants' motion on that claim.

**D. Class Certification**

Even if the Amended Complaint stated actionable claims against Defendants – which it does not for the reasons above – the Court would still deny Plaintiff's request for class certification under Rule 23 of the Federal Rules of Civil Procedure. (Doc. #30 at 1).

Plaintiff proposes a class of "[a]ll Homeless, quasi homeless, and very poor people of different beliefs residents of Lee County, Florida, to have access to hot meal or food at Rescue Mission; without the imposition of to pray; invoking a belief that they do not believe or disagree." (Doc. #30 at 1). A district court has broad discretion in determining whether to certify a class. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992). Rule 23(a) lists the prerequisites to a class action as:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or

> defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The party requesting class certification bears the burden of proving that each of these prerequisite has been met. *See Gilchrist v. Bolger*, 733 F.2d 1551, 1556 (11th Cir. 1984). In addition, the party must prove the proposed class properly falls into one of the subsections of Rule 23(b) of the Federal Rules of Civil Procedure.

Plaintiff has failed to establish any of the above conditions under Rule 23(a) or (b). Most significantly, a *pro se* litigant cannot prosecute a class action in this Court. *See Ferentinos v. Kissimmee Util. Auth.*, 6:13-cv-1728, 2014 WL 2993571, at *12 (M.D. Fla. July 2, 2014) *aff'd*, 604 F. App'x 808 (11th Cir. 2015). Rule 23 requires the class representative to demonstrate that he will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *see also London v. Wal–Mart Stores, Inc.,* 340 F.3d 1246, 1253 (11th Cir. 2003). A *pro se* litigant cannot serve as an adequate class representative. *See Ferentinos*, 2014 WL 2993571, at *12; *Smith v. Polk Cnty., Fla.,* No. 8:05-cv-884, 2005 WL 1309910, at *1 (M.D. Fla. May 31, 2005) ("[i]t would be plain error to allow a *pro se* litigant to represent fellow inmates in a class action") (citation omitted); *Ali v. United States Parole Comm'n,* No. 06–0235, 2007 WL 902312, at *4-5 (D.D.C. March 23, 2007) ("The Court agrees with this substantial precedent that a *pro se* litigant is not a suitable class representative")). Thus, Plaintiff cannot proceed with this class action.

**E. Request for an Injunction**

Finally, Plaintiff seeks a preliminary injunction against Defendants "to stop illegal indoctrination against poor people of different beliefs in order to obtain hot meals or food

at Rescue Mission." (Doc. #30 at 2-3). Plaintiff contends the public and he will suffer irreparable harm without a preliminary injunction. (Doc. #30 at 3).

A party moving for a preliminary injunction must show (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction is issued; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *See* Fed. R. Civ. P. 65. A "preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion as to each of the four prerequisites." *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003).

Even viewing the Amended Complaint in a favorable light, Plaintiff has failed to show that he is likely to succeed on the merits. For the reasons expressed above, Plaintiff has not alleged any actionable claims. *See Burgos v. Univ. of Cent. Fla. Bd. of Trs*., 283 F. Supp. 2d 1268, 1272 (M.D. Fla. 2003) (finding no need to evaluate the other elements for a preliminary injunction where the plaintiff failed to show substantial likelihood of success on the merits of his claims). Accordingly, the Court denies Plaintiff's request for a preliminary injunction.

**F. Leave to Amend**

Where a *pro se* complaint fails to state a cause of action, the court should generally grant leave to amend. However, an opportunity to amend is not required where the problem with the plaintiff's claim is substantive, such that better pleading will not cure it. Here, there is no indication that Plaintiff can state a valid federal or constitutional claim,

and he was already afforded an opportunity to amend his complaint. Since the Court is convinced that any further efforts in this case will be futile, it will not afford Plaintiff another opportunity to amend. Accordingly, the Court will dismiss this action with prejudice.

Accordingly, it is now

**ORDERED:**

(1) Defendants Rescue Mission, Phil Ledger, David Light, Marjoe Wooten, Wanda Light, Patricia Wooten, and Jerome McFarland's Motion to Dismiss Plaintiff's Amended Complaint, Request for Class Consideration, and Request for Preliminary Injunction (Doc. #31) is **GRANTED**.

(2) The above-captioned case is **DISMISSED with prejudice**.

(3) The Clerk of Court is **DIRECTED** to close the case, terminate any pending deadlines, hearings, and motions, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of August, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record